Our final case for today is United States v. Melvin and we will hear from Mr. Patton and again and again Mr. Walters but we'll let him sit down. So Mr. Patton. I guess good afternoon. I'm Tom Patton. I'm here representing the appellant Keith Melvin and the government has agreed that the district court's order to the probation office to not give Mr. Melvin a copy of his pre-sentence report and her prohibition on defense counsel from giving Mr. Melvin a copy of the pre-sentence report violated rule 32e2. Do you happen to know if this is a practice of this district court judge or whether it just popped up in this case for some reason? Yes your honor this is the standard practice of we have discussed with her the U.S. Attorney's Office and the Federal Defender's Office and is a practice she is persisting in. She has since the time I wrote this brief granted one motion to let one of my the clients I'm representing personally who was incarcerated have a copy of her pre-sentence report but she's also denied a motion of one of our assistant federal defenders to let a defendant on bond have a copy of that defendant's pre-sentence report saying that the defendant could come to our office. Have you have you discussed redaction with her? We discussed we had a meeting with the U.S. Attorney the first assistant U.S. Attorney myself as the federal defender the probation office and she doesn't want them to have copies of the report. That didn't answer my question redaction. There were some discussions of that your honor but in this case it what for example in this case the pre-sentence report in this case does not name the name of any cooperating witness it refers to CSCI but Judge Myerscough has also expressed concern that the reports have obviously a lot of personal information about the defendant themselves and the defendant's family and in fact if you look at her exchange with Mr. Melvin X at the actual sentencing when he asked if he could have a copy and she says no that he can't because there's confidential information in there that would be harmful if it were to be made public. She then followed up with the phrase harmful to you and to family. So can I say I mean 3552 D it seems would encompass let's say disclosure to counsel and then a discussion between counsel and the client that that the report is disclosed but rule 32 e2 it appears to me that the rulemakers thought about the concerns that Judge Myerscough is expressing and resolve them in favor of giving the report to the defendant. Yes in the app the committee notes to the rule explains that in detail we go through those in our brief. What's the harm though I mean so assume we all agree that rule 32 is show that the error was prejudicial. Well there our position as we argued in the brief is that we would ask the court to find that it is just not a type of error that is that can be reviewed for harmlessness because if you do that number one how is the defendant going to prove prejudice when he hasn't been allowed to have the copy of the pre-sentence report to be able to go through it to have the time to say hey here's something that I object to. But didn't he review the report with counsel in this case? Yes. So he saw what was in it so he maybe some other defendant might not be in a position to argue why there was prejudice but he knew it was in the report. Every defendant is going to have to say they've had a chance to review it with the defense counsel or else the sentencing is not going forward because at the rule 32 requires the judge to ask the defendant if they've had it supposed to ask if they've received a copy of it because if you'll notice that's the question Judge Myers asked Mr. Melvin yeah he'd received a copy and he said no but there so you're always the defendants always going to have at a minimum discussed the pre-sentence report with defense counsel or else they're not going to let the sentencing go forward they're going to have a continuance let you go meet with them. I mean even if the rule were that there has to be at least a possibility of Mr. Melvin's is not that case because he gets the 180 month sentence which is a statutorily mandated minimum I mean he could have gone on forever about errors in the report but he didn't get anything longer than what she was bound by law to give him so it seems like he's a tough candidate to show prejudice to even show the possibility of some influence on the judge he got the mandatory minimum both incarceration and as a term of supervised release and so I we understand that yeah the harmless error problem is going to be it's what's in the government's brief the government explicitly says well mr. mr. Melvin and no other defendants going to be able to show prejudice from but what could happen on resentencing for mr. Melvin he's going to get 180 months again right yes yeah well he doesn't like the prison he's in the point is you want us to say very firmly to judge Myerscough rule 32 means what it says you have to give people these reports even though there aren't going to be any consequences this time so that but so his pre-sentence gets sent to the prison right yet in the Bureau of Prisons they're not allowed to personally I understand that believe me when I was a sentencing judge the people get a hold of it yeah it and I will tell you in all candor though you have mr. for example mr. Melvin was housed at the Mason County Jail which is in Havana Illinois and you know our marshals use 716 or 17 different county jails but in the Mason County Jail there are people from the Peoria Division and the Springfield Division people from the Peoria Division are sitting there with the pre-sentence reports going through them scouring them for stuff mr. Melvin sitting there think I would like a copy of my pre-sentence report so I can look through it and because look we have obviously I'm biased but I think we have very conscientious lawyers that work in our office but there's a difference between having somebody sit there across the table from you watching you read a lengthy document in the pressure you feel of yeah okay versus being able to keep have it with you and to be able to go through it so is he entitled to it now he is allowed I'm saying like in the correct understanding of the rule so another option would be we'd say in the opinion defendants should get these reports there was no error here for the reasons judgment is articulated is he would we say something about him getting the report because you're saying what he really seems to want I would say in prison and look at it yes you're right can I just amend that question and I take it he doesn't yet have it he well nobody in the Bureau of Prisons has physical custody of their pre-sentence okay the free the Bureau of Prisons keeps them secure but as Judge Kaney mentioned inmates seem to still find a way to get access to other people's PSRs so nobody in the nobody has it now what the marshals won't even let him take it with them when the marshals come to move them out of the county jail to put them on the airlift to take them wherever they're going they can't take them with them but what they can do like how mr. Melvin said can I send it to my mom that's what and I can't say all of them but many of them will send it to family members so that when they get out they have they have it so we could say yes yes correct and you know just to have the court state clearly that defendants have the right to personally have their pre-sentence report would be all right thank you thank you let you save the rest mr. Walters good morning or afternoon may it please the court I joined my friend and asking this court to hold that rule 32 means what it says the defendant shall be given a copy of the report and you to your knowledge he he never has been given a copy of it to my knowledge no based on the record or his mother or anyone else yeah and you agree that he should have one now or at least be able to say someone in my family should have it now I don't know about agreeing that someone in this family should have it now given that the rule reads the defendant defense counsel and counsel for the government it's it's silent on giving it to the family I'm just even though if he can't have it in prison if he if he really wants it I'm just trying to figure out how to he has access to it in prison his case manager has a copy of his pre-sentence report that's just by regulation defendants are not allowed to possess a physical copy because of the problems that happen with defendants having copies to be able to see who cooperates who doesn't and I would suggest part of the problem at times with I don't mean this nefariously but family members do get copies and then those copies maybe you remind me what's it right what's this the that provision of rule 232 says yes your honor it says the probation officer must give the pre-sentence report to the defendant the defendants attorney and attorney for the government at least 35 days before sentencing unless the defendant waives the minimum period you say anything more that is you give it to him and take it because well there is a provision and the not a provision the Advisory Committee notes let's provide that in exceptional cases where retention of a report in a local detention facility might pose a danger to the person housed there the district court may direct that the defendant not personally retain a copy of the report until the defendant has been transferred to the facility where he will serve his sentence but literally interpreting that rule you can give it to him and take it back yes we're doing doesn't mean you can keep it we're not advocating no I understand what you're doing or to be pro forma that here you go and now we take it back I mean we agree with our friend that there needs to be some type of meaningful opportunity for him to review it and but I also believe that you know a court may be able under certain circumstances to make findings that it may not happen on this case but for there to be a blanket policy that's the extraordinary right instead of that being the default right only in extraordinary circumstances but I think where I disagree with mr. Patton obviously as we believe it is harmless error in this case it couldn't be clear that it would be pointless to remand for judge Myers cough to bring him back conduct a plenary resentencing hearing to provide him with a copy only to turn around and impose the only sentence that she could have imposed in the first place which is 180 months in prison 10 months supervised release and this does not come close to rising to a level of a structural error where presumption or excuse me where harm is presumed so we also agree I think judge would you might have pointed out that the difference in language between 3552 D and the rule disclosure versus giving I think that's important and I say this only because I'm aware that the Rules Committee has been meeting with representatives of the government the defense on a number of issues including what to do about plea agreements what to do about pre-sentence reports and I think well I'm protecting cooperators has been a big time and I think the committee needs some flexibility to be able to fashion a rule 32 without a restrictive construction of 3552 which would basically take away their ability to provide maybe some flexibility to unless there are questions from the court we would ask that you affirm the judgment the district court all right thank you mr. Patton rule 32 used to require the pre-sentence reports be given back to the court that used to be explicitly a part of the rule that was then amended and removed from that the defendant give the pre-sentence report back no rules no the rule 32 itself used to have a provision that said the defense had to give back the pre-sentence report that was deleted from the rules in the amendment process in the committee notes explained that they did that so that the defendant because they wanted the defendant to be able to continue to have a copy of the of the pre-sentence report and it's you know it there's they're gonna be on he's gonna be on supervised release it's 10 years not 10 we'll take 10 months and it's got the conditions it's got I'm not overstatement in the reply brief and I say that this is the Bible for him as far as the federal court system is concerned and so there are real reasons why people want to have even if the sentence in terms of months isn't changed you're saying the PSR still has an impact oh yeah the Bureau of Prisons uses the in all kinds of the information there to do security classifications so if you get something wrong on something that a lawyer looking at it's gonna say yeah this doesn't it's not going to change the guideline range not going to change you're not getting criminal history points for that you're not getting this he can hit the BOP and that can impact seriously their their security classification says oh this offense a dismissed offense had a the allegations had a gun the guy said no that that wasn't it you don't change that when the Bureau of Prisons gets it and he doesn't have the ability even now to see it at the break I'm still kind of I'm sorry he has the ability he can ask his case manager to see it okay okay but he cannot contest it anymore correct in the any of you say to the BOP look this didn't really happen their responses it's in the PSR what is the time to get his word in in a timely correct because the response to the BOP anytime you and I've had clients call me facing this issue and they're just like but if they keep telling me it's in the PSR but it's wrong that's not what happened it I mean you can try and go get court records and if the old court records could explicitly show that the PSR is wrong you can try sending that to the response is a I'm getting criminal I'm getting security points for this it's making me go to a high instead of a medium it's like hey it's in your PSR okay thank you well thank you very much thanks to both counsel we'll take the case under advisement and the court will be in recess